Gillian Garrett, Cal. Bar No. 225965
Gillian Garrett Law, PC
337 17th Street, #101A
Oakland, California 94612
Tel.: (323) 481-7116

Attorney for Plaintiffs
Blue Sky Vineyards, LLC, and Kemner Wine, Inc. dba The Wine Country

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE SKY VINEYARDS, LLC, an Illinois limited liability company, and Kemner Wine, Inc. dba THE WINE COUNTRY, a California corporation, | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR:**<br>**(1) VIOLATION OF 42 U.S.C. § 1983 (COMMERCE CLAUSE); and**<br>**(2) VIOLATION OF 42 U.S.C. § 1983 (PRIVILEGES & IMMUNITIES CLAUSE)** |
| vs. | |
| Paul TUPY, in his official capacity as Director of the California Department of Alcoholic Beverage Control; and Rob BONTA, in his official capacity as Attorney General of California, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiffs Kemner Wine, Inc. dba The Wine Country and Blue Sky Vineyards, LLC allege as follows:

## INTRODUCTION

1. The Commerce Clause of the U.S. Constitution prohibits states from enacting protectionist laws that favor in-state over out-of-state businesses. (U.S. Const. art. I § 8.) The U.S. Supreme Court has confirmed this principle repeatedly, including in the context of alcohol sales. In *Granholm v. Heald*, the Court ruled that "state laws violating other provisions of the Constitution are not saved by the Twenty-first Amendment" and that "state regulation of alcohol is limited by the Commerce Clause's nondiscrimination principle." (*Granholm v. Heald*, 544 U.S. 460, 462-63 (2005).) While states have latitude to regulate alcohol within their borders, they have never possessed the authority to discriminate against out-of-state alcohol products or producers. (*See Id.* at 472 ("in all but the narrowest circumstances, state laws violate the Commerce Clause if they mandate differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter."; *Tennessee Wine & Spirits Retailers Association v. Thomas*, 588 U.S. 504, 506-07 (2019) (same).)

2. In violation of this straightforward edict from the Supreme Court, California discriminates against out-of-state wineries by allowing in-state wineries, but not out-of-state wineries, to sell wine directly to California retailers. That means out-of-state wineries must sell through an importer/wholesaler, which adds costs that make distribution agreements economically undesirable if not entirely unrealistic. The result of this discrimination is to effectively exclude many out-of-state wineries from the California market, and to limit the availability of out-of-state wine—particularly wine made by small out-of-state producers—to California retailers. Plaintiffs here have been injured by California's unlawful discrimination and its impermissible burden on interstate commerce. Among other harms, Plaintiffs are being denied equal access to retailers in the largest market for wine in the country.

3. California knows how to regulate in-state and out-of-state wineries even-handedly; it has done so for direct-to-consumer wine sales, which California law permits for both in-state and out-of-state wineries. Given that out-of-state wineries can sell their products directly to California *consumers*, preventing those same wineries from selling directly to California *retailers* has no

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

plausible justification—let alone the type of overwhelming justification required to save a discriminatory law from the Constitution's "virtually *per se* rule of invalidity." (*Granholm*, 544 U.S. at 476.) The application of California's discriminatory laws accordingly violates Plaintiffs' constitutional rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. sections 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of any right or privilege under the U.S. Constitution and federal laws.

5. The Court is also empowered to grant declaratory relief and related relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202.

6. Venue is proper in this district under 28 U.S.C. section 1391 because Defendants maintain offices in Sacramento and a substantial part of the events giving rise to Plaintiffs' claims occurred in Sacramento.

## THE PARTIES

7. Kemner Wine, Inc. dba The Wine Country is, and at all relevant times herein was, a California corporation authorized to do business in California. The Wine Country is a boutique retail store owned by Randy Kemner. It offers fine wine, natural wine, artisan spirits, craft beer, gourmet foods, wine accessories, and gift baskets. The Wine Country is located at 2301 Redondo Avenue in Signal Hill, California.

8. The Wine Country is subject to regulation, inspection, and license renewal in California by the California Department of Alcoholic Beverage Control.

9. Blue Sky Vineyards, LLC is, and at all relevant times herein was, an Illinois limited liability company authorized to do business in Illinois. Blue Sky Vineyards is an award-winning winery located at 3150 South Rocky Comfort Road in Makanda, Illinois.

10. Blue Sky Vineyards' business and wine are subject to regulation, inspection, and license renewal in Illinois by the Illinois Liquor Control Commission. Blue Sky Vineyards' business and wine are also subject to regulation, inspection, and permit renewal by the federal government's Alcohol and Tobacco Tax and Trade Bureau.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

11. Defendant Paul Tupy is, and at all relevant times herein was, the Director of the California Department of Alcoholic Beverage Control, which is headquartered in Sacramento, California. His department has responsibility for enforcing California's alcohol laws, including the laws Plaintiffs challenge in this case.

12. Defendant Rob Bonta is the Attorney General of California. He is authorized to enforce California's alcohol laws against out-of-state entities in federal court pursuant to 27 U.S.C. section 122(a).

13. Plaintiffs sue Defendants in their official capacities for declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

14. To compete with larger California retailers, The Wine Country searches for unique, high-quality wines, often from smaller craft wineries, to offer to its customers. Sourcing small batches of unusual varietals is especially important to The Wine Country's business model.

15. On or about December 1, 2025, The Wine Country attempted to order the following wines from Blue Sky Vineyards: 2024 Seyval, 2024 Vignoles, 2024 Vintner's Select White Wine, NV Norton, and Saluki Royale. The Wine Country placed the order after sampling multiple wines and identifying several with appealing characteristics, including specialty cold-climate varietals. Due in part to the colder climate and shorter growing season, Blue Sky Vineyards' wines have different flavor profiles and relatively low alcohol content compared to California wines.

16. Blue Sky Vineyards informed The Wine Country that it could not fulfill the order because it is an Illinois winery that cannot sell directly to California retailers.

17. On or about December 10, 2025, Blue Sky Vineyards contacted the California Department of Alcoholic Beverage Control to confirm that it could not sell directly to a California retailer like The Wine Country based on Business and Professions Code section 23358(a)(1). The Department never responded to Blue Sky Vineyards' inquiry.

18. Between December 10 and 17, 2025, Blue Sky Vineyards tried to find a California importer/wholesaler that would import its wines and resell them to The Wine Country. Although Blue Sky Vineyards contacted six California importer/wholesalers, none were willing to carry its wines.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

19. As of the date of this filing, The Wine Country has not been able to purchase wine from Blue Sky Vineyards.

## CALIFORNIA ALCOHOL STATUTES AT ISSUE

20. Three-Tier Mandates for the Alcohol Industry. Like other states, California regulates the sale and importation of alcoholic beverages through a three-tier distribution system. California law requires separate licenses for producers, wholesalers, and retailers. The producer tier includes wineries, which are referred to in the relevant California statutes as "winegrowers." (*See e.g.* Cal. Bus. & Prof. Code § 23013.) California allows licensed producers and wholesalers to obtain import licenses, but not retailers. (Cal. Bus. & Prof. Code §§ 23375.5, 23375.6, 25500(a)(1), 25505.) The retail tier includes all categories of licensed businesses that sell alcohol to consumers, including stores, restaurants, bars, clubs, hotels, venues, and other establishments.

21. Relevant Laws Applicable to Producers. Business and Professions Code section 23358(a)(1) allows licensed winegrowers to sell wine directly to a broad range of purchasers, including California retailers. It provides:

> Licensed winegrowers, notwithstanding any other provisions of this division, may also exercise the following privileges: . . . (1) Sell wine and brandy to any person holding a license authorizing the sale of wine or brandy.

22. Although the term is not defined by statute, the Department of Alcoholic Beverage Control interprets the term "licensed winegrower" to mean a winegrower licensed by *California*. The Department of Alcoholic Beverage Control follows this interpretation in practice, limiting the privileges of Section 23358(a) to licensed *California* winegrowers, meaning wineries with an in-state manufacturing presence. The Department of Alcoholic Beverage Control does not allow out-of-state wineries to ship to California retailers, regardless of whether they are licensed by other states or permitted by the federal government.

23. As applied by the Department of Alcoholic Beverage Control, Section 23358(a)(1) therefore allows in-state, but not out-of-state, wineries to bypass the wholesale tier and sell directly to the retail tier.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

24. As a result, if out-of-state wineries want access to the California retailer tier, their only option is to sell their wine through licensed California importers, as specified in Business and Professions Code section 23661(a). Section 23661(a) provides:

> (a) Except as otherwise provided in this section, alcoholic beverages shall be brought into this state from without this state for delivery or use within the state only by common carriers and only when the alcoholic beverages are consigned to a licensed importer, and only when consigned to the premises of the licensed importer or to a licensed importer or customs broker at the premises of a public warehouse licensed under this division.

25. In contrast, California law allows in-state wineries to sell and deliver directly to California retailers even when wine produced in California passes "through another state" before delivery to retailers. (Cal. Bus. & Prof. Code § 23661(b).) California thus allows in-state wineries to deliver to retailers in the Lake Tahoe region, which straddles the California/Nevada border, with no regard for deliveries crossing state lines.

26. Relevant Laws Applicable to Retailers. On the retailer side, Business and Professions Code section 23402 (Section 23402) limits the entities from which California retailers can purchase alcoholic beverages. It provides:

> No retail on- or off-sale licensee . . . . shall purchase alcoholic beverages for resale from any person except a person holding a beer manufacturer's, winegrower's, rectifier's, brandy manufacturer's, or wholesaler's license.

27. Again, the Department of Alcoholic Beverage Control interprets the term "winegrower's . . . . license" to mean a licensed *California* winegrower with an in-state manufacturing presence. Therefore, as applied, Section 23402 allows retailers to bypass the three-tier system to purchase directly from in-state, but not out-of-state, wineries.

28. Licensed California retail businesses cannot obtain import licenses to bring in wine from out-of-state wineries themselves. (Cal. Bus. & Prof. Code §§ 23375.5, 23375.6, 25500(a)(1), 25505.)

29. Thus, as applied by the Department of Alcoholic Beverage Control, California law prohibits out-of-state wineries that hold licenses in their respective states from selling directly to California retailers. Unlike in-state wineries, out-of-state wineries must instead sell their wine through a California importer/wholesaler. As applied, California law imposes extra costs and burdens on out-of-state wineries that it does not impose on in-state wineries. In practice, those extra

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

costs and burdens exclude many out-of-state wineries, including Blue Sky Vineyards, from the California retail market.

### IMPLICATIONS FOR INTERSTATE COMMERCE

30. California is the largest market for wine in the U.S., and consumers purchase most of their wine in-person at retail stores.

31. Licensed California importers/wholesalers commonly impose fees of up to 30%, plus shipping costs, which lowers profits for producers and increases costs for retailers and consumers. These additional costs make it difficult for out-of-state wineries to compete with in-state wineries, which California allows to sell directly to retailers. This discriminatory treatment gives in-state wineries a competitive advantage over out-of-state wineries in accessing the retail tier in California.

32. Moreover, many out-of-state wineries, especially small producers, struggle to find a licensed California importer willing to distribute their products at all, even when there are California customers waiting.

33. Plaintiff Blue Sky Vineyards has not been able to find a licensed importer/wholesaler willing to import its products, even though it is an award-winning winery and it already has The Wine Country requesting to purchase its wine.

34. Because it cannot obtain importer/wholesale tier representation in California, Blue Sky Vineyards is effectively excluded from selling to California retailers.

35. Taken together, Sections 23358(a)(1), 23661, and 23402 discriminate by allowing in-state winegrowers, but not out-of-state winegrowers, to sell wine directly to California retailers. As applied, these statutes harm not only the out-of-state wineries against which they discriminate, but also in-state retailers who wish to purchase from those wineries, and California consumers who purchase wine from retailers. California has no justification that can excuse this discrimination and the harms it causes.

### FIRST CLAIM
### VIOLATION OF 42 U.S.C. § 1983 – COMMERCE CLAUSE
**(Against All Defendants)**

36. Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 35, above.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

37. As applied to licensed, out-of-state wineries' sales of wine to California retailers, Sections 23358(a)(1), 23661, and 23402 unconstitutionally discriminate against out-of-state sellers and inhibit the flow of interstate commerce. They also impose an unconstitutional burden on interstate commerce that is excessive in relation to any putative local benefit. No public health or safety concern justifies California's discriminatory treatment of out-of-state wineries' sales to California retailers.

38. Defendants' interpretation and enforcement of Sections 23358(a)(1), 23661, and 23402 as allowing in-state, but not out-of-state, wineries to sell directly to California retailers violate the Commerce Clause of the U.S. Constitution, Article I, Section 8, Clause 3 because they discriminate against out-of-state wineries and impose an unconstitutional burden on interstate commerce.

39. The Wine Country has been, and continues to be, harmed by the discriminatory manner in which Sections 23358(a)(1), 23661, and 23402 allow it to purchase from in-state, but not out-of-state, wineries.

40. Blue Sky Vineyards has been, and continues to be, harmed by the discriminatory manner in which Sections 23358(a)(1), 23661, and 23402 allow licensed in-state wineries, but not licensed out-of-state wineries, to sell wine to California retailers.

## SECOND CLAIM
## VIOLATION OF 42 U.S.C. § 1983 – PRIVILEGES & IMMUNITIES
### (Against All Defendants)

41. Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 40, above.

42. As applied to licensed, out-of-state wineries' sales of wine to California retailers, Sections 23358(a)(1), 23661, and 23402 unconstitutionally discriminate against out-of-state wineries and deprive them of the privileges and immunities guaranteed by the U.S. Constitution.

43. Defendants' interpretation and enforcement of Sections 23358(a)(1), 23661, and 23402 as allowing in-state, but not out-of-state, wineries to sell directly to California retailers violate the Privileges and Immunities Clause of the U.S. Constitution, Article IV, Section 2, Clause 1.

44. The Wine Country has been, and continues to be, harmed by the discriminatory manner in which Sections 23358(a)(1), 23661, and 23402 allow it to purchase from in-state, but not out-of-state, wineries.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

45. Blue Sky Vineyards has been, and continues to be, harmed by the discriminatory manner in which Sections 23358(a)(1), 23661, and 23402 allow licensed in-state wineries, but not licensed out-of-state wineries, to sell wine to California retailers.

**PRAYER FOR RELIEF**

46. Plaintiffs The Wine Country and Blue Sky Vineyards pray for judgment in their favor and against Defendants as follows:

A. A judgment declaring that it is unconstitutional for a statute to make an exception to the three-tier system for alcoholic beverage transactions that is available to in-state, but not out-of-state, alcohol businesses.

B. A judgment declaring that the term "winegrower" in Section 23358(a)(1) and 23402 refers to both in-state and out-of-state winegrowers.

C. A judgment declaring that the term "licensed winegrower" in Section 23358(a)(1) refers to winegrowers licensed by any state.

D. A judgment permitting Blue Sky Vineyards to be able to sell wine directly to The Wine Country.

E. An injunction preventing the California Department of Alcoholic Beverage Control from enforcing Section 23358(a)(1) as allowing in-state licensed wineries, but not out-of-state licensed wineries, to sell wine directly to California retailers.

F. An award of attorneys' fees and costs pursuant to 42 U.S.C. section 1988.

G. An order granting any other relief that the Court finds appropriate.

Signed February 24, 2026.

Gillian Garrett Law, PC

By: _____ *Gillian Garrett* _____
        Gillian Garrett

Attorney for Plaintiffs

Blue Sky Vineyards, LLC, and Kemner Wine, Inc. dba The Wine Country

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

**JURY TRIAL DEMANDED**

Plaintiffs Blue Sky Vineyards, LLC and Kemner Wine, Inc. dba The Wine Country demand a trial by jury on all claims triable by jury.

Signed February 24, 2026.

Gillian Garrett Law. PC

By: _____ *Gillian Garrett* _____

Attorney for Plaintiffs

Blue Sky Vineyards, LLC, and Kemner Wine, Inc. dba The Wine Country

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983