UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE SKY VINEYARDS, LLC, an Illinois limited liability company, and Kemner Wine, Inc. dba THE WINE COUNTRY, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL TUPY, in his official capacity as Director of the California Department of Alcoholic Beverage Control; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | No. 2:26-cv-00564-JAM-JDP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint. ECF No. 13, Defendants' Memorandum of Points and Authorities ("Mot."). Plaintiffs oppose the Motion. See ECF No. 14, Plaintiffs' Opposition ("Opp'n); Defendants filed a Reply and Supplemental Authority. ECF No. 19, Defendants' Reply ("Reply"); ECF No. 20, Defendants' Notice of Supplemental Authority in Support of the Motion to Dismiss. For

the reasons detailed below, Defendants' motion is granted in part and denied in part.[1]

I. OPINION

Plaintiff Blue Sky Vineyards, an Illinois Winery, and Plaintiff The Wine Country, a licensed retailer in Signal Hill, California, challenge California's regulatory scheme for alcohol sales, alleging it unconstitutionally controls out-of-state licensed wineries through its three-tier system "by allowing in-state wineries, but not out-of-state wineries, to sell wine directly to California retailers" in violation of both the dormant Commerce Clause and the Privileges and Immunities Clause of the United States Constitution. See ECF No. 1, Compl. Defendants Paul Tupy, in his official capacity as Director of the Department of Alcoholic Beverage Control, and Rob Bonta, in his official capacity as Attorney General of California, move to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court first addresses Defendants' 12(b)(1) motion as to Count Two before turning to Defendants' 12(b)(1) and 12(b)(6) motion as to Count One.

A. Count Two is Dismissed for Lack of Standing

In their second cause of action, Plaintiffs, two corporations, seek relief under Article IV, Section 2, Clause 1 of the Constitution. See Compl. ¶¶ 7-9, 41-45. The Privileges and Immunities Clause, however, only affords protections to "[t]he Citizens of each State." U.S. Const. Art. IV, § 2, cl. 1. Without citing any authority, Plaintiffs argue "[w]hether an

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 21; E.D. Cal. L.R. 230(g).

entity is covered by a constitutional provision is a merits question, not a standing question . . . ," but "acknowledge that neither Plaintiff is a natural person," and request the Court allow them to amend Count Two. See Opp'n at 10.

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Since it is well-established "a corporation cannot be deemed a citizen within the meaning of the clause of the Constitution which protects the privileges and immunities of citizens . . . ," Western Turf Ass'n v. Greenberg, 204 U.S. 359, 363 (1907), the Court agrees with Defendants – Plaintiffs lack standing to bring this claim. See Mot. at 8; Fed. R. Civ. P. 12(b)(1). Accordingly, Defendants' motion to dismiss the second cause of action is granted, without prejudice. Accord Hemphill v. Orloff, 277 U.S. 537, 548-550 (1928); Metropolitan Life Ins. Co. v. Ward, 470 U.S. 869, 884 (1985) (O'Connor, J., dissenting) ("Appellants rely on the Equal Protection Clause because, as corporations, they are not 'citizens' protected by the Privileges and Immunities Clause of the Constitution."); Fed. R. Civ. P. 15; Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Defendants' Motion to Dismiss Count One is Denied

Defendants also move to dismiss Count One under Rule 12(b)(1), arguing "Plaintiffs lack standing because their Complaint does not establish redressability," and under Rule 12(b)(6), arguing they have failed to state a claim because it is well-established California's three-tier regulatory system

does not violate the dormant Commerce Clause.

1. Defendants' 12(b)(1) Motion

To have standing, "[P]laintiff[s] must have (1) suffered an injury-in-fact that is (2) traceable to the defendant's challenged conduct, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Day v. Henry, 152 F.4th 961, 967 (9th Cir. 2025). "The party invoking federal jurisdiction bears the burden of establishing these elements," and "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted). "Plaintiffs must [] show that the relief they seek is 'within the district court's power to award.'" Day, 152 F.4th 967 (quoting Juliana v. United States, 947 F.3d 1159, 1170 (9th Cir. 2020)). Indeed, "[i]f 'a favorable judicial decision would not require the defendant to redress the plaintiff's claimed injury, the plaintiff cannot demonstrate redressability unless she adduces facts to show that the defendant or a third party are nonetheless likely to provide redress as a result of the decision.'" Id. (quoting M.S. v. Brown, 902 F.3d 1076, 1083 (9th Cir. 2018)).

Defendants argue "Plaintiffs' alleged injury . . . would not be remedied even if the Court granted the relief they seek" because they only challenge specific portions of the statute, and other, unchallenged portions of the three-tier system will continue to prevent Plaintiffs from obtaining the relief they seek. Mot. at 1-2, 4-7; Reply at 1-3. Plaintiffs counter that

they have adequately pled redressability, especially since their "burden . . . is 'relatively modest,'" and they seek broad, injunctive relief. See Opp'n at 2-7 (quoting Tucson v. City of Seattle, 91 F.4th 1318, 1325 (9th Cir. 2024)). Plaintiffs also rely on the generous language in the recent Day decision, which the Court agrees supports Plaintiffs' position regarding redressability. Id. at 6. In Day, plaintiffs challenged Arizona's "three-tier system [] regulat[ing] the sale and distribution of alcohol." 152 F.4th 961 (9th Cir. 2025). Although the plaintiffs were consumers seeking to ship out of state wine directly to their homes instead of having to use in-state retailers to facilitate the shipments, they raised similar issues to those present here in questioning a substantially similar three-tier regulatory scheme. Id. The Ninth Circuit rejected the district court's suggestion that plaintiffs were unlikely to demonstrate redressability, noting that inconsistent or incomplete challenges to the regulatory scheme at issue did not extinguish standing because "the district court was capable of granting at least some relief." Id. at 967-68. Since plaintiffs had, at points, asked the court to "enjoin[] enforcement of the [entire] statutory scheme as applied to all liquor retailers and wholesalers inside and outside of Arizona," the Ninth Circuit found "the district court was capable of granting at least some relief, and regardless of whether that relief—or any other possible relief—might ultimately prove appropriate on the merits, [and so] the redressability requirement of standing had been met." Id. (emphasis removed). Although Defendants attempt to distinguish Day by focusing on

one sentence in the Ninth Circuit's analysis, this Court is bound by its general analysis and favorable language broadly interpreting standing and redressability. See Mot. at 4-5; Reply at 1-3; 152 F.4th at 967-68. For these reasons, Defendants' 12(b)(1) motion as to Count One is denied.

2. Defendants' 12(b)(6) Motion

Defendants also move to dismiss Count One under Rule 12(b)(6), arguing Plaintiffs' claims fail because "an extensive body of case law upholds three-tier systems of alcohol distribution consistent with the Commerce Clause…[and] the Complaint does not establish the basic elements of a dormant Commerce Clause claim." See Mot. at 8-15. Nearly all the cases cited by Defendants in support of their argument that the three-tier system is constitutionally valid decided this issue on summary judgment rather than a motion to dismiss. The two step test that governs whether California's exercise of its power under Section 2 of the Twenty-First Amendment runs afoul of the dormant Commerce Clause requires evidence that the state law is not discriminatory and has no "legitimate nonprotectionist" justification. See Mot. at 9; Opp'n at 14. Such factual questions cannot be decided on the pleadings at this early stage of the case and dismissal under Rule 12(b)(6) is improper here. Balistreri v Pacifica Police Dep't., 901 F.2d. 696, 699 (9th Cir. 1990) (A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory.")

The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). All allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322. The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).

The burden is on the moving party to prove beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also NL Indus., Inc. v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986). The Court finds that Defendants have not satisfied their burden as the moving party here. Accordingly, their motion to dismiss Count 2 is denied.

## II. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The motion is denied as to Count One and granted without prejudice as to Count Two.

If Plaintiffs elect to amend Count Two, they shall file their amended complaint within twenty days of the date of this Order. Defendants shall file their response to the amended complaint within twenty days thereafter.

IT IS SO ORDERED.

Dated: September 15, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE